## SHIVER v. WILLIAMS.

Personalty properly exempted under section 2040 of the code, and levied upon by distress warrant, could not be held subject thereto in the absence of any evidence to show that it was so.

June 2, 1890.

Distress warrant.    Exemptions.    Before Judge HANSELL.    Brooks superior court.    May term, 1889.

On November 24, 1888, B. L. Williams, as agent for Mary A. Williams, made affidavit before a magistrate of Brooks county that N. B. Shiver, her tenant, of said county, was justly indebted to her $55 for rent of land and mule, which sum was then due.    Upon this affidavit the magistrate issued a distress warrant, and in the warrant it was stated that the $55 was due for rent for the year 1888.    This warrant was levied upon three hogs, marks unknown, twelve acres in pinders, two hundred pounds of fodder, more or less, six hundred pounds of seed-cotton, more or less, five bushels of corn and six bushels of pinders.    Shiver interposed a claim to the hogs, fodder, corn, six bushels of pinders and three hundred pounds of seed-cotton, as the head of a family, claiming that the property had been set apart under section 2040 of the code.    Upon the trial the plaintiff put in evidence the affidavit, distress warrant and levies; whereupon the claimant assumed the burden of proof, and tendered in evidence his exemption papers.    His petition set forth that he was the head of a family, consisting of himself and three minor children (naming them), and that he claimed as exempt from levy and sale for the use and benefit of his wife and family, under section 2040 of the code, the various things as named in the 2d, 3d, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th, 12th, 13th and 15th subdivisions of section 2040 of the code, setting forth the things as named in these subdivisions, except that he specified, as the $50 worth of provisions

under the 4th subdivision, corn, syrup, meat and pinders, etc., and under the 8th subdivision "common tools of trade of self." This claim of exemption was admitted to record December 11, 1888. To the introduction of this evidence the plaintiff objected, because it failed to show that Shiver was a debtor; because it failed to describe the property; and because it failed to state the amount or value of the same. These objections were overruled, and this forms the ground of the first assignment of error in the petition for *certiorari*. Virgil Shiver then testified for the claimant that the property set forth in the exemption papers was the same property levied on by the distress warrant.

The magistrate held the property not subject, and this decision also is assigned as error, on the ground that claimant was not entitled to any homestead or exemption of this property as against rents. In his answer to the writ of *certiorari* the magistrate stated that he entered up judgment for claimant because there was nothing in the affidavit to show for what year the rent was due, and there was no evidence introduced by either party to show for what year it was due, though the warrant stated it was due for 1888. The *certiorari* was sustained, and the claimant excepted.

DAN. W. ROUNTREE, for plaintiff in error.

W. C. McCALL, by brief, *contra*.

BLANDFORD, Justice.

Williams sued out a distress warrant, which was levied upon certain property, and Shiver claimed the property as exempt from levy and sale, under section 2040 of the code. The justice before whom the case was tried gave judgment in favor of Shiver. Williams applied to the judge of the superior court for a writ of *certiorari*, which was granted; and upon the hearing of the case the court sustained the *certiorari*; and Shiver thereupon excepted.

We think the court erred in sustaining the *certiorari.* The property levied upon had been properly exempted by the ordinary, and there appears to have been no evidence introduced before the magistrate to show that it was subject to the distress warrant.

The judgment is therefore *Reversed.*